**12 CV 04521**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



DANIEL B. KARRON

    Petitioner,

-V.-

UNITED STATES OF AMERICA

    Respondent.

11-civ-1874 (RPP)
07-cr - 541 (RPP)

Motion under Federal Rules
Criminal Procedure 41(g)
for the return of property
seized in criminal case

## (1) Introduction

The Petitioner, D. B. Karron, responding *pro se* at this time, respectfully submits this motion under Federal Rules of Criminal Procedure (FR Crim. P.) 41(g) for the return of personal property seized in the Petitioners' criminal and civil case captioned above.

As prelude to the return or compensation for the seized property, the Petitioner requests a validated itemized list with valuation of all property and cash in possession of the Government seized or leaned in connection with this matter.

This 41(g) motion is a part of the Petitioners 28 U.S.C. §2255 motion to Vacate Criminal Verdict[1] successfully submitted under Rule 3.



---

[1] 11-civ-1874 Version of April 28, 2011, cited in first paragraph of the governments reply brief (above) but not apparently re-docketed and available on PACER and as such not on RECAP. A copy is on Google Docs at https://docs.google.com/viewer?a=v&pid=explorer&chrome=true&srcid=0D5tahXvgtqadM2ZiMzNlZDktYWZmM i00Xjg3LTkyZGQtYjUyZTRmZjQ5MZIx&hl=en

## (2) Contents

(1)  Introduction ........................................................................................................ 1-1
(2)  Contents .............................................................................................................. 2-2
(3)  Motion for the Return of Property ..................................................................... 3-2
    (...1)  Property was Evidence ............................................................................ 3-3
    (...2)  Violation of 4th Amendment ................................................................... 3-3
  1.  Statements of Fact ..................................................................................... 3-3
    (...3)  Personal Property Seizure ....................................................................... 3-3
    (...4)  The volume of property seizure was such that it required midsized truck and all day to empty the Petitioners' apartment. ............................................................... 3-3
    (...5)  Before and after pictures show extent of seizure ..................................... 3-4
    (...6)  Seizure Inventory ..................................................................................... 3-4
    (...7)  The value of this property was never established .................................... 3-4
    (...8)  Real Property Seizure .............................................................................. 3-5
    (...9)  Total Value of Seized Property well in excess of Criminal Restitution. ... 3-5
    (...1)  Venue and Jurisdiction ............................................................................ 3-6
    (...2)  Advisory committee notes to Rule 42(g) ................................................. 3-6
    (...3)  Interest on Property ................................................................................. 3-7
  2.  Justification ................................................................................................ 3-8
    (...4)  Personal Property no longer as evidence ................................................ 3-8
    (...5)  Over-seized property has no connection with case ................................. 3-8
(4)  Signature ............................................................................................................. 4-9
(5)  Appendix ............................................................................................................. 5-1
(6)  AFFIRMATION OF SERVICE ......................................................................... 6-1

## (3) Motion for the Return of Property

The Petitioner, Daniel B. Karron, seeks to move this Court, pursuant to Federal Rule of Criminal Procedure 41(g), to order the return of personal property seized pursuant to a "SEIZURE WARRANT PURSUANT TO 18 U.S.C. §981" Filed under Seal dated June 19, 2007, ~~and appended as Exhibit S~~

### (...1)   Property was Evidence

This property was stipulated as evidence in the above captioned criminal trial. Since there are no other criminal cases pending against the Petitioner and the government has no use for the property, rule 41(g) is invoked for the return of the property.

### (...2)   Violation of 4th Amendment

Many items therefore were seized and continue to be retained by the government in violation of the 4th Amendment's proscription against unlawful searches and seizures.

1. **Statements of Fact**

On June 19, 2007 this Court signed a "SEIZURE WARRANT PURSUANT TO 18 U.S.C. § 981" in the above docketed criminal cause under seal. This warrant contained a copy of the Grand Jury Indictment and 200 pages of invoices used to justify the OIG Special Agents seizure of the petitioners property.

On June 26, 2007 at 6:30 AM federal agents entered the Petitioners home and office at 300 East 33rd Street, Apartment 4N and seized essentially all of the personal and CASI property in the Petitioners apartment and two basement storage lockers with small and bizarre exceptions.

### (...3)   Personal Property Seizure

The Agents physically removed all of the personal property, and liened the real property of the Petitioner.

### (...4)   The volume of property seizure was such that it required midsized truck and all day to empty the Petitioners' apartment.

The agents used a 18,000 pound Gross Vehicle Weight Ryder truck and professional moving equipment to empty the apartment and two basement storage lockers. The agents evicted CASI employee Matt Rothman, who was sleeping in the guest hammock in the living room, and disconnected the surveillance camera at the ceiling.

The agents invited the Petitioner to stay in the bedroom during the seizure, but would otherwise let the Petitioner observe. The agents used the petitioners' tools to chop off the internal network wiring, unscrew, and cut out half height racks full of equipment.

(...5) Before and after pictures show extent of seizure

Defense Exhibit BBB shows the CASI lab pictures before the raid.

Exhibit A shows the CASI lab after the raid. The location was denuded of all computers, computer networking equipment, and one blender. Remarkably, the very expensive coffee machine and its inventory tree of coffee and tea packets, (from Coffee Distributing, Inc.) was not disturbed.

(...6) Seizure Inventory

The Special Agent Saint Clair and Rachel Ondrik, Two of of the 6 special agents in the raid generated a document "List of Items seized pursuant to warrant. 6/26/07, Case 16227", later entered into trial evidence as GX 230.

(....1) The inventories items were stipulated as evidence in the case.

During the trial a number of inventoried objects brought into court and were displayed to jury. Most were not ~~were cut~~. The video screen was brought into the court room. The battery power drills and reciprocating saw were operated before the court and jury. The batteries apparently still held a charge as the tools operated.

The power tools not purchased with grant funds .

(...7) The value of this property was never established.

At no point was any evaluation of the property made with the Petitioner, or any value credit given..

(....2) Evaluation by total of Warrant Invoices

The total of the Warrant invoices is $292,098.87

### (....3) Evaluation by OIG Public Press Statements

An OIG press release in 2008 at the close of the criminal trial stated the value of the seized property as 390,000.[2] The OIG repeated this valuation in its Semiannual Report To Congress in March, 2011. [3]

### (...8)   Real Property Seizure

A lien was placed on the Petitioners apartment by the Government. The apartment was sold pursuant to a court order. The proceeds of the sale were taken by a Federal Marshall at the closing. A payment to Petitioners then criminal counsel was made pursuant to endorsed memo[4]. A statement of the disposition of funds was never issued despite oral requests by the Petitioner to the Prosecution.

### (...9)   Total Value of Seized Property well in excess of Criminal Restitution.

Petitioners' requests return of property and or reimbursement. By any measure of the value of the property, the Petitioners property is well in excess of the Petitioners restitution.

### (....4) Petitioner requests offset of value of property against criminal restitution.

Barring the outright return of the property, the petitioner requests liquidation of the Petitioners' criminal restitution liability with the value of the property seized when established.

### (....5) No tracing of federal funds to property seized

The court rules that no tracing of funds was required. Therefore, the origin of the funding for many items is not decided, and is assumed by the prosecution to be of federal origin.

---

[2] Department of Commerce OIG Press Release December 3, 2008 ("In addition, $390,000 worth of computers, power tools and other items seized liom his residence on orders of the court were ordered forfeited to the government.") Downloaded from http://www.oig.doc.gov/Pages/NIST-Grant-Recipient-Sentenced-for-Grant-Fraud;-Civil-Suit-Filed.aspx
[3] Department of Commerce Office of Inspector General (DoC OIG) Semiannual Report to Congress, March, 2011. Page 25 ("In addition, $390,000 worth of computers, power tools, and other items seized from his residence were ordered forfeited ...") http://www.oig.doc.gov/Pages/NIST-Grant-Recipient-Sentenced-for-Grant-Fraud;-Civil-Suit-Filed.aspx
[4] Docket Number 1:07-cr-00541-RPP Document 43 Filed 05/22/08

No consideration or allowances were made for the contributions made by Karron and CASI in the form of turned back salary and funds advanced as tax paid salary.

These funds were used to make purchases of program and non program nature.

(....6) There are no criminal proceedings against the Petitioner.

Given that there are no criminal proceedings currently pending against Petitioner, the petitioner's motion should be construed as a civil action in equity.[5][6]

(....7) Petitioner aggrieved by deprivation of property

Federal Rules of Criminal Procedure 41(g)[1] provides that, on a Motion to Return Property, any person aggrieved by an unlawful search and seizure of property or by deprivation of property may move for the property's return. The court must receive evidence on any factual issue necessary to decide the motion.

(...1)    Venue and Jurisdiction

Because the property stipulated as evidence and no longer needed, Rule 41(g) applies.
Rule 41(G) and local rule 8(a), Paragraph 2.[7]

(...2)    Advisory committee notes to Rule 42(g)

The Advisory Committee notes to the 1989 amendment of the Rule state that:

---

[5] *Mora v. United States*, 955 F.2d 156, 158 (2nd Cir. 1992) (noting "where no criminal proceedings against the movant are pending or have transpired, a motion for return of property is treated as a civil equitable proceeding even if styled as being pursuant to Fed. R. Crim.P. 41(g))
[6] *Mendez v. United States*, 2005 WL 2175903 (E.D.N.Y. 2005)
[7] SDNY Local Rule 8 ("Criminal Motions")(a)(" Federal Convictions."), Page 102, "When a motion under Fed. R. Crim. P. 41(g) for the return of property seized in a criminal lcase is filed, it shall be assigned for all further proceedings to the judge to whom the underlying case was assigned. The judge may either act on the motion without responsive papers or advise the United States attorney of the date(s) when responsive papers are due. Rule 41(g) motions that are filed after the related criminal case is closed, shall be opened as a new civil action, and all filings shall be docketed therein."

"[a]s amended, Rule 41(e) [now 41(g)], provides that an aggrieved person may seek return of property that has been unlawfully seized, and a person whose property has been unlawfully seized may seek return of property when aggrieved by the Government's continued possession of it.".8

To prevail on a 41(g) motion, a criminal defendant must demonstrate that:

(.....1)  he is entitled to lawful possession of the seized property;
(.....2)  the property is not contraband; and
(.....3)  either the seizure was illegal or
(.....4)  the government's need for the property as evidence has ended.[9]

No standard is set forth in Rule 41(g) itself to govern the determination of whether property should be returned to a person aggrieved by either an unlawful seizure or by deprivation of the property. It is the petitioner's contention that because the Fourth Amendment protects people from unreasonable seizures as well as unreasonable searches, then reasonableness, under all the circumstances, must be the test when a person seeks the return of property seized by the government.

(...3)   Interest on Property

Interest can be construed to run on the value of the property commensurate to the interest construed on the restitution value.

(....8) Replacement Value of Property.

The replacement value of the property, should the property be otherwise returnable, should be calculated at the replacement value of equivalent class superworkstation computer equipment.

(....9) Value of Intellectual Property Seized

When the Government seized the Plaintiff's computers, they seized the work product of CASI and the NIST ATP project. The research programming work product resided on the SGI hard drives and was not recovered in the court ordered imaging work done by First Data, Inc.

---

[8] Fed.R.Crim.P.41 Advisory Committee's notes (1989)
[9] *United States v. Cauwenberghe*, 827 F.2d 424, 433 (9th Cir. 1987)

The value of this work product is at least the value of the priced milestones of the grant budget, as signed off by the ATP technical staff in on the Six CASI technical reports. The Tasks and Milestones were valued in the budget at 1,400,000 (One Million Four Hundred Thousand Dollars).

2. **Justification**

(...4)   Personal Property no longer as evidence

This property is no longer needed as evidence, serves the Prosecution no useful function, and is needed by the Petitioner for ~~two~~ purposes.

(...5)   Over-seized property has no connection with case

This property consists in part, property that does not belong to, or have any connection with the government's case against Karron.

Clearly over seizure occurred here by the admission of the OIG with press releases and notices to Congress well in excess of the total value of the seizure in-rem invoices.

(....10)   Property purchased prior to Grant Period

CASI computers owned prior to the project as in-kind co-funding at $66,640.29 [10]

CASI owned computers or equipment not offered for co-funding are estimated at 50,000$ at the time of seizure.

(....11)   Property purchased after grant suspension

Computer Equipment purchased after grant with Karron personal funds but seized by government is estimated at 75,000.00. Schedules of after grant suspension purchases are being developed by the *pro bono* project forensic bookkeeper Dunlevy.

---

[10] Case 1:08-cv-10223-NRB Document 32 Filed 08/23/10. Declaration of Dunlevy, Page AA005.

(....12)    Property purchased during grant period not charged to grant

Household equipment: tracing of funds required to establish that no federal funds were used to pay for the 'Household Equipment' seized by the government. Where a coffee maker was not seized and allowed in audit, why should a Blender, used a non coffee drinking CASI employee be so classified ?

(....13)    Real Estate Liened Sold to pay defense cost

Credit for real estate sale proceeds and cash seized should be applied against the Petitioners Criminal Restitution, or should the Petitioners 2255 motion be granted, refunded to the Petitioner.

## (4) Signature

Signed on this day December 23, 2011
Long Beach, New York

*[signature]*

---
Daniel B. Karron
Petitioner
*pro se*

348 East Fulton Street,
Long Beach, New York 11561
E-Mail to drdbkarron@gmail.com
Facsimile +1 (516) 308-1982
Voice +1 (516) 515-1474

**(5) Appendix**
**(6) AFFIRMATION OF SERVICE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL B. KARRON<br><br>Petitioner,<br><br>-V.-<br><br>UNITED STATES OF AMERICA<br><br>Respondent. | 11-civ-1874 (RPP)<br>07-cr - 541 (RPP)<br><br>AFFIRMATION OF SERVICE |

     I, D. B. KARRON, declare under penalty of perjury that I have served a copy of the attached Motion under Federal Rules Criminal Procedure 41(g) for the return of property seized in criminal case upon

     Mr. Christian R. Everdell

     Assistant United States Attorney

     Terrorism and International Narcotics Unit

     Southern District of New York


     whose physical address is


     One St. Andrews Plaza,

     New York, New York, 10007

And a copy by e-mail to
<christian.everdell@usdoj.gov>

Dated: Long Beach, New York
27 December 2011

*[signature: DBKarron]*

D. B. Karron
Petitioner, *pro se*
348 East Fulton Street,
Long Beach, New York 11561
E-Mail to drdbkarron@gmail.com
Facsimile +1 (516) 308 - 1982
Voice +1 (516) 515 - 1474

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/5/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DANIEL B. KARRON,

                Movant,

   -against-

UNITED STATES OF AMERICA,

                Respondent.

------------------------------------------------------------X

**ORDER**

11 Civ. 1874 (RPP)

07 Cr. 0541 (RPP)

**ROBERT P. PATTERSON, JR., U.S.D.J.,**

On December 23, 2011, Movant filed a "Motion under Federal Rules Criminal Procedure 41(g) for the return of property seized in criminal case." The Clerk of Court is directed to strike this Motion (Document #21) from the docket of this action and to open this Motion as a new civil action assigned to my docket.

SO ORDERED.

Dated: New York, New York
       January 5, 2012

                                                          _/s/ Robert P. Patterson_
                                                          Robert P. Patterson, Jr.
                                                         United States District Judge