UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DANIEL B. KARRON,

               Movant,

  -against-

UNITED STATES OF AMERICA,

               Respondent.

------------------------------------------------------------X

ORDER DIRECTING PAYMENT
OF FEE OR IFP APPLICATION &
PRISONER AUTHORIZATION

12 Civ. 4521 (LAP)

LORETTA A. PRESKA, Chief United States District Judge:

      Movant files this Motion for Return of Property under Rule 41(g) of the Federal Rules of Criminal Procedure *pro se*.[1] The Court directs Movant to pay the $350.00 filing fee or submit a completed Request to Proceed *In Forma Pauperis* ("IFP application") and a Prisoner Authorization within thirty (30) days of the date of this Order as detailed below.

      In order to proceed with a civil action in this Court, Movant must pay the $350.00 filing fee or ask the Court to waive the fee by requesting to proceed *in forma pauperis* with a signed IFP application. See 28 U.S.C. §§ 1914, 1915. Because Movant is a prisoner, Movant is also subject to the provisions of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b)(1), (2). The PLRA requires the Court to collect the full filing fee from Movant's prison account. See 28 U.S.C. § 1915(b)(1).[2]

---

[1] Movant originally filed this Motion in his criminal case, United States v. Karron, No. 07 Cr. 541 (RPP). On January 5, 2012, the Honorable Robert P. Patterson, Jr. directed the Clerk of Court to strike the Motion from the docket of that case and to open the Motion as a new civil action assigned to his docket.

[2] Although Movant styles his application as a Motion in his criminal case, the Court construes motions under Rule 41(g) as new civil actions. See United States v. Giovanelli, 998 F.2d 116, 118-19 (2d Cir. 1993) (where criminal proceedings against movant completed, district court should treat motion for return of seized property under Fed. R. Crim. P. 41(g) [formerly Rule 41(e)] as new civil equitable proceeding); Mora v. United States, 955 F.2d 156, 158 (2d Cir. 1992) (same); Onwubiko v. United States, 969 F.2d 1392, 1397 (2d Cir. 1992) (same).

Movant submitted his Motion without payment of the Court's $350.00 filing fee or an IFP application and Prisoner Authorization.[3] Therefore, Movant is directed to pay the $350.00 filing fee or, in the alternative, to submit a completed IFP application and Prisoner Authorization to the Court within thirty (30) days of the date of this Order. If Movant submits the IFP application and Prisoner Authorization, they must bear the same docket number as this Order.[4]

The Clerk of Court is directed to assign this matter to my docket.  No Summons shall issue at this time.  If Movant complies with this Order, if proper, the case shall be reassigned to the Honorable Robert P. Patterson in accordance with the procedures of the Clerk's Office.  If Movant fails to comply with this Order within the time allowed, the action will be dismissed.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

*Loretta A. Preska*

LORETTA A. PRESKA
Chief United States District Judge

Dated: July 25, 2012
       New York, New York

---

[3] The Prisoner Authorization directs the facility at which Movant is incarcerated to deduct the filing fee from Movant's prison account in installments and to send to this Court certified copies of Movant's prison account statements for the past six months.  28 U.S.C. § 1915(a)(2), (b).

[4] For Movant's convenience, an IFP application and a Prisoner Authorization are attached.